## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARY E. GAITHER**,<br>Plaintiff**,**<br><br>vs.<br><br>**MICHAEL J. ASTRUE**, Commissioner of<br>the Social Security Administration,<br>Defendant. | Case No. **08-CIV-234-RAW** |

## ORDER

Before the court are the following:

1. Plaintiff's Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 25], as well as the Government's response [Docket No. 26]; and

2. Plaintiff's Motion Under F.R.C.P. 60 to Extend Time to Request Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 24], as well as the Government's response [Docket No. 27].

On January 12, 2009, this court rendered a final judgment remanding the Plaintiff's case for further proceedings. The Commissioner has issued a fully favorable decision, and a Notice of Award was issued on March 21, 2010 providing back benefits of $40,001.00.

In order to authorize payment of attorney fees pursuant to 42U.S.C. § 406(b), a court must act as an "independent check, to assure that they yield reasonable results in particular cases." McGraw v. Barnhart, 450 F.3d 493, 498 (10th Cir. 2006). A district court should determine the reasonableness and timeliness of the attorney fee request prior to awarding fees. Id., at 502 and 505. There is a limit, however, to the amount of fees that can be awarded pursuant to § 406(b): "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002).

The Tenth Circuit Court of Appeals issued a ruling in <u>Wrenn, ex rel. Wrenn v. Astrue</u>, 525 F.3d 931 (10th Cir. 2008) which states that "the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner." <u>Id.</u>, at 937. Thus, the combined attorney fees for representation before the Social Security Administration and on appeal to a district court are not limited to 25% of past-due benefits. After a review of the motion and supporting documents, the court finds that the fees requested are reasonable.

A motion for the award of attorney fees under § 406(b) should be filed within a "reasonable time of the Commissioner's decision awarding benefits." <u>McGraw</u>, at 505. There is no specific time frame for the filing of the motion. The instant motion was filed approximately three weeks after the date of the Notice of Award. The court finds that the request for attorney fees was filed within a reasonable time.

Plaintiff's Motion to Extend Time [Docket No. 24] is **GRANTED**. The Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 25] is also **GRANTED**, and reasonable attorney's fees are approved in the amount of **$10,000.25**. Further, pursuant to <u>Wrenn</u>, counsel for Plaintiff is directed to refund the amount of the EAJA award ($4,765.20) to Plaintiff.

Dated this 12th day of May, 2010.

Ronald A. White
United States District Judge
Eastern District of Oklahoma